[No. F017339. Fifth Dist. Feb. 3, 1993.]

THE PEOPLE, Plaintiff and Appellant, v.
LUCIO BERNABE LOPEZ, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

## COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

**THAXTER, J.—**

### STATEMENT OF THE CASE

On December 2, 1991, respondent Lucio Bernabe Lopez was charged by information filed in Stanislaus County Superior Court with possession of

heroin for sale, a violation of Health and Safety Code section 11351. The information also alleged Lopez served a prior prison term within the meaning of Penal Code[1] section 667.5, subdivision (b). Lopez entered a plea of not guilty on the same date and denied the prior prison term allegation.

On January 2, 1992, respondent filed in superior court a motion to suppress evidence seized at the time of his arrest, specifically clear baggies, a set of scales, and heroin. He did not challenge the evidence at the preliminary hearing.

On January 13, 1992, the prosecution requested a continuance of the motion because the "key" witness, Officer Timothy Higginbotham, was unavailable. Apparently Officer Higginbotham was on his honeymoon. The motion was continued without objection by defense until January 23, 1992.

On January 23, 1992, Officer Higginbotham did not appear, apparently because of an oversight by clerical staff at the district attorney's office. The district attorney's request for a further continuance was denied. After the district attorney stipulated that evidence was seized pursuant to a warrantless search, the trial court, Superior Court Judge Ritchey presiding, granted the motion without hearing further evidence because "the burden of proof is on the People to go forward. . . . They have not gone forward."

On January 27, 1992, the district attorney sought a "rehearing" of the motion to suppress pursuant to section 1538.5, subdivision (j). Judge Ritchey denied the motion.

On January 28, 1992, the day set for trial, the district attorney renewed his motion, this time before Superior Court Judge Griffin, who also denied the motion on the grounds that subdivision (j) of section 1538.5 is inapplicable when no motion to suppress was made at the preliminary hearing. After the prosecutor represented that it could not go forward, the trial court dismissed the case on its own motion.

The People filed their appeal on February 5, 1992.

STATEMENT OF FACTS

The following facts were gleaned from the preliminary hearing transcript.

On June 12, 1991, at 2:18 a.m., Ceres Police Officer Dedra Goenawein was dispatched to a traffic accident at 1625 Richland Avenue. She was also

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

told there was a physical fight at the scene. When she arrived she saw four or five people running in different directions away from a truck which was sitting in the middle of the street. A green Buick was nearby. No one remained with the vehicles.

Officer Goenawein broadcast the description of two of those seen running from the accident scene, including that of a male in a dark sleeveless top running west from her location.

Officer Higginbotham was nearby. He sighted respondent walking through a shopping center at 2:43 a.m. wearing a dark sleeveless top and carrying a backpack. The shopping center was approximately one-half mile west of the accident scene. When respondent saw the officer start to get out of the patrol car, respondent ran. Higginbotham followed and ordered respondent over a public address system to stop. Respondent refused to do so. He continued running and held the backpack in front of him. At one point, respondent put his hand inside his shirt and was "doing something." When he finally stopped, respondent continued to reach into the backpack. The backpack was open and Higginbotham could see clear plastic baggies "coming out." When Higginbotham searched the backpack he discovered more baggies, an electronic scale and a large ball of black tarry substance which later proved to be 24.60 grams of heroin.

## DISCUSSION

The People contend the trial court erred in (1) granting the motion to suppress in the first instance because Lopez failed to specify the particular grounds upon which the motion rested and (2) that the prosecution's request for a rehearing on the date of trial should have been granted.

I.  *Motion to Suppress**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

II.  *Section 1538.5, subdivision (j)*

The People's final contention is that the trial court should have granted the prosecution's request for a rehearing at the time of trial (when Officer Higginbotham was present). The request was made pursuant to section 1538.5, subdivision (j). The trial court concluded subdivision (j) granted authority for a rehearing only in cases where the motion to suppress was first raised at the preliminary hearing. We agree that the trial court erred and we reverse for further proceedings.

*See footnote, *ante*, page 1732.

Section 1538.5 was enacted in 1967 (Stats. 1967, ch. 1537, § 1, p. 3652) to provide an orderly and complete procedural scheme for pretrial determination of suppression motions. (*People* v. *Manning* (1973) 33 Cal.App.3d 586, 594 [109 Cal.Rptr. 531].) The statute identifies the procedure to be followed in each instance where a defendant is faced with criminal charges, felony or misdemeanor. It expressly provides the mechanism by which a defendant may raise the issue pretrial, i.e., either at a preliminary hearing or at a special adversary hearing before the trial court. (§ 1538.5, subds. (f), (g), & (i).) The defendant may seek to suppress evidence at trial only if the opportunity to raise the issue pretrial did not exist or if the defendant was not aware of the right to make the motion earlier. (§ 1538.5, subd. (h).)

Subdivision (j) of section 1538.5 is entitled "Relitigation of question after grant of motion; new evidence; review" and specifically sets forth the People's remedies after a motion to suppress has been *granted*. The section spells out the review available to the People depending on what procedural route the motion first came to be decided.

As we read the statute, there are four possible routes: 1) The property or evidence relates to a felony offense initiated by a complaint and the suppression motion is granted at a preliminary hearing (in municipal or justice court) at which the defendant is not held to answer; 2) The property or evidence relates to a felony offense initiated by a complaint and the suppression motion is granted at a preliminary hearing at which the defendant is held to answer; 3) *The motion is granted at a special hearing in superior court*; and 4) The property or evidence seized relates solely to a misdemeanor and the motion is granted in the pretrial special hearing in municipal court.

We believe the third listed option, the language seized upon by the People in this case, can only be read to cover situations such as the one presented here—where the defendant has not raised the issue at the preliminary hearing but raises the issue for the first time at a special hearing in superior court. If not, section 1538.5 subdivision (j) would provide for trial court review of the *granting* of defendant's pretrial motion in every instance except when the challenge is raised for the first time at a special hearing in superior court. We see no logical reason for excluding trial court review in such instances, especially considering the multilevel review provided when the challenge is first made at the preliminary hearing. We will not construe a statute to yield absurd results. (*People* v. *Hull* (1991) 1 Cal.4th 266, 274 [2 Cal.Rptr.2d 526, 820 P.2d 1036].) We further note there is no express limitation found in section 1538.5, subdivision (j).

Other courts appear to read the statute similarly without the restriction found by the trial court below. Without analysis, the California Supreme

Court in *Madril* v. *Superior Court* (1975) 15 Cal.3d 73 [123 Cal.Rptr. 465, 539 P.2d 33] and the Third Appellate District in *People* v. *Gephart* (1979) 93 Cal.App.3d 989 [156 Cal.Rptr. 489] state the People may seek *reconsideration at trial* of an order granting a defendant's suppression motion upon the proper showing. Neither case conditioned reconsideration on whether a suppression motion was first brought at the preliminary hearing.

Our interpretation here does not provide the People with a second bite of the apple without sufficient justification. The statute requires a showing of good cause why the evidence could not have been previously presented and it requires that the prosecution show why the previous ruling should not be binding. These are sufficient hurdles to encourage the prosecution to litigate fully its position pretrial, as would any competent prepared counsel. This limitation is comparable to the justification required of the defendant who seeks to present new evidence on the suppression motion at the special hearing in superior court after a denial at the preliminary hearing. (§ 1538.5, subd. (i).)

Because the trial court misconstrued the statute and erroneously failed to consider the People's request for a rehearing on the motion to suppress, reversal is required.

### DISPOSITION

The judgment is reversed, and the matter is remanded for proper consideration of the People's motion for rehearing pursuant to section 1538.5, subdivision (j).

Vartabedian, Acting P. J., and Harris, J., concurred.